## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| THE JEAN B. MCGILL REVOCABLE ) | |
| LIVING TRUST, DATED JUNE 28, 1996, ) | Case No. 16-CV-707-GKF-TLW |
| and THE JEAN B. MCGILL EXEMPTION ) | |
| TRUST, of unknown date. ) | |

### OPINION AND ORDER

Before the court is the Motion to Remand of plaintiff Susie McRight ("McRight") [Doc. No. 8]. For the reasons set forth below, the motion is granted.

### I. Background

This action is the latest in a series of lawsuits between the parties. Specifically, it concerns the management and administration of the Jean B. McGill Revocable Living Trust, dated June 28, 1996, and the Jean B. McGill Exemption Trust by defendant James C. McGill, who is the successor trustee of the Exemption Trust. [Doc. No. 2, pp. 7 – 17]. On October 25, 2016, McRight filed a Petition in the Probate Division of the Tulsa County District Court requesting a copy of trust documents, a determination of trust beneficiaries, an inventory and accounting, removal of James C. McGill as trustee, denial of trustee compensation, and appointment of a successor trustee. [*Id.* at 16–17]. Defendants—James C. McGill and James Michael McGill—removed the case to this court on November 23, 2016, on the basis of diversity jurisdiction.[1] [*Id.* at 1–5]. McRight now moves to remand. [Doc. No. 8].

---

[1] Defendants suggest that James Michael McGill removed this action to federal court, and James C. McGill merely joined in that removal. [Doc. No. 14, p. 11]. That characterization is not reflected in defendants' notice of removal—the motion is styled jointly and nothing contained therein establishes James Michael McGill as the principal movant. [Doc. No. 2, pp. 1–5]. That is unsurprising. Throughout this case, James C. McGill has been the primary litigant. In fact, James C. McGill is the only defendant to have voluntarily appeared in state court through his filing of an answer and counterclaim. [Doc. No. 2, pp. 26–42].

## II. Legal Standard

Federal courts are courts of limited jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013). To that end, removal statutes are strictly construed with all doubts resolved against removal. *See Belcher v. Un. Parcel Serv., Inc.*, No. 09-CV-628-TCK-PJC, 2009 4612169, at *2 (N.D. Okla. Dec. 10, 2009). A defendant's right to remove and plaintiff's venue privilege "'are not on equal footing.'" *See Patterson v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 1457737, at *4 (N.D. Okla. May 21, 2009) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). "The removing defendant bears the burden of establishing" jurisdiction "by a preponderance of the evidence at the time of removal." *See Gable v. MSC Waterworks Co., Inc.*, No.12-CV-47-CVE-PJC, 2012 WL 1118980, at *3 (N.D. Okla. Apr. 3, 2012).

## III. Analysis

Here, remand is required. 28 U.S.C. § 1441(b)(2)—the "forum defendant rule"—prohibits removal of an action on the basis of diversity jurisdiction if any defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *Brazell v. Waite*, 525 Fed. App'x 878, 884 (10th Cir. 2013). The rule "recognizes that the rationale for diversity jurisdiction" evaporates "when one of the defendants" is a forum state citizen and "the likelihood of local bias is reduced, if not eliminated." *See Lone Mountain Ranch, LLC v. Santa Fe Gold Corp.*, 988 F.Supp.2d 1263, 1266 (D.N.M. 2013) (quotation marks omitted); *accord Snyder v. Moore*, No. CIV-13-1282-L, 2014 WL 11032956, at *2 (W.D. Okla. Feb. 11, 2014). Here, James C. McGill[2]—a resident of Oklahoma—is a named defendant, *see* [Doc. No. 2, p. 2, ¶ 6]

---

[2] "When a trustee is a party to litigation, it is the trustee's citizenship that controls for purposes of diversity jurisdiction[.]" *Conagra Foods, Inc. v. Americold Logistics, LLC*, 776 F.3d 1175,

("James C. McGill is a resident of the State of Oklahoma."), and it would appear that application of the forum defendant rule is proper.

Defendants, however, argue the plain text of 28 U.S.C. § 1441(b)(2) permits removal where, as here, forum defendants remain unserved.[3] [Doc. No. 14, p. 7–13] (quoting 28 U.S.C. § 1441(b)(2)). The court is unconvinced. The forum defendant rule prohibits removal where "any of the parties properly joined and served as defendants" is an in-state citizen. *See* 28 U.S.C. § 1441(b)(2) (emphasis added). That implies some "party in interest ha[s]," in fact, "been served prior to removal." *See Gentile v. Biogen, Inc.*, 934 F.Supp.2d 313, 318 (D. Mass. 2013); "Any," Merriam-Webster.com, Merriam-Webster, accessible at: https://www.merriam-webster.com/dictionary/any (last accessed Dec. 30, 2016) (defining "any" as "one or some"). In this way, the absence of a properly served party "does not mean an 'exception' to removal is inapplicable," but something more fundamental—namely, that the statute "condition[s] removal on *some* defendant having been served." *See Gentile*, 934 F.Supp.2d at 318.

The language of 28 U.S.C. § 1441(a) confirms this reading. To qualify for removal, a civil action must be "pending" in state court. *See* 18 U.S.C. § 1441(a). But in many states, a suit is not "pending" until service has been effectuated. For instance, both Kansas and Kentucky require issuance of a summons before the "commencement" of an action. *See* Kan. Stat. Ann. §

---

1181 (10th Cir. 2015), *aff'd sub nom.* 136 S.Ct. 1012, 1016 (2016) ("[W]hen a trustee . . . is sued in [his] own name, [his] citizenship is all that matters for diversity purposes.").

[3] McRight argues that defendants' voluntary appearance in this action amounts to proper service of process. [Doc. No. 16, pp. 1–2]. If true, the forum defendant rule undoubtedly applies. For personal jurisdiction purposes, McRight's position has merit. *See, e.g.*, 12 O.S. § 2004(C)(5) (noting a "voluntary appearance of a defendant is equivalent of service"); *Howard v. United States ex rel. Alexander*, 126 F.2d 667, 668 (10th Cir. 1942) ("Jurisdiction over the defendant in a civil suit in personam implies either his voluntary appearance or service of process upon him[.]"); *see also Morreale v. City of Cripple Creek*, 113 F.3d 1246 (Table) (10th Cir. 1997). But whether personal jurisdiction has been established appears to be a different inquiry from whether the textual service requirements of 28 U.S.C. § 1441 have been satisfied. Accordingly, the court continues its analysis.

60-203; Ky. Rev. Stat. Ann. § 413.250.  In other states, however, an action is "commenced" by filing a complaint.  *See, e.g.*, Ala. R. Civ. P. 3(a); Me. Stat. tit. 14, § 533l; 12 O.S. § 2003.  Reading the removal statute to require service of *some* defendant ensures uniformity.  Under such a construction, the availability of a federal forum does not vary on a state-by-state basis, an outcome that does not appear contemplated by statute.  *See Hawkins v. Cottrell, Inc.*, 785 F.Supp.2d 1361, 1371–72 (N.D. Ga. 2011).

Indeed, courts have long recognized the "historic function of service of process as the official trigger for responsive action."  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999); *accord Hawkins*, 785 F.Supp.2d at 1370; *Gentile*, 934 F.Supp.2d at 322.  In fact, under 28 U.S.C. § 1446(b), only simultaneous service of a complaint and summons—or the receipt of a complaint after service of process—triggers a defendant's obligation to remove; in no case does the "mere receipt of the complaint unattended by any formal service" suffice.  *See Murphy Bros.*, 526 U.S. at 347–48.  Put simply, service of process is "fundamental to any procedural imposition on a named defendant" under the removal statute.  *See id.* at 350.

Conditioning removal on service makes functional sense as well.  On the one hand, the "joined and served" requirement prevents opportunistic plaintiffs from "adding a forum defendant solely to prevent removal."  *See Lone Mountain Ranch, LLC v. Santa Fe Gold Corp.*, 988 F.Supp.2d 1263, 1266 (D.N.M. 2013).  On the other hand, "[p]recluding removal until at least one defendant has been served protects against docket trolls with a quick finger on the trigger of removal."  *Gentile*, 934 F.Supp.2d at 322.  In this way, gamesmanship is discouraged across the board, s*ee id.* at 316, a result which comports with the narrow construction of removal statutes and limited constitutional role of federal tribunals, *see Pritchett v. Office Depot, Inc.*,

4

420 F.3d 1090, 1094–95 (10th Cir. 2005). Accordingly, removal was improper because neither defendant was served before this court assumed jurisdiction.

Alternatively, even assuming defendants' reading is correct, strict application of 28 U.S.C. § 1441(b)(2) is inappropriate. The text of the forum defendant rule prevents removal only where "any of the parties in interest properly joined *and served*" are forum state citizens. *See* 28 U.S.C. § 1441(b)(2) (emphasis added). Applied here, that language would produce "absurd results." *See Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1099 (10th Cir. 2003). Congress requires defendants be "joined and served" "to prevent plaintiffs from naming a local defendant whom the plaintiff has no intention of serving or proceeding against"—i.e., fraudulent joinder. *See Gift Card Impressions v. Grp. Servs. Ltd.*, No. 12-CV-2766-CM, 2013 WL 568211, at *1 (D. Kan. Feb. 13, 2013); *Lone Mountain Ranch*, 988 F.Supp.2d at 1266. That language was not intended to permit hasty "snap" removals by in-state defendants prior to service. *See Gift Card Impressions*, 2013 WL 568211, at *1; *Visas v. Boeing Co.*, 486 F.Supp.2d 726, 734 (N.D. Ill. 2007); *Sullivan v. Novartis Pharm. Corp.*, 575 F.Supp.2d 640, 647 (D.N.J. 2008); *In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, No. 2:12-97-DCR, 2012 WL 2919219, at *2–3 (E.D. Ky. July 17, 2012). That is especially so where—as here—there is no risk of fraudulent joinder. Indeed, defendants concede they are "necessary parties" to this action. [Doc. No. 14, p. 10].

Defendants' caselaw is not to the contrary. In the majority of the cases cited, the *non-forum* defendant was the removing party. *See Breitweiser v. Chesapeake Energy Corp.*, No. 3:15-CV-2043-B, 2015 WL 6322625, at 2 (N.D. Tex. Oct. 20, 2015); *Robertson v. Iuliano*, No. RDB 10-1319, 2011 WL 453618, at *2–3 (D. Md. Feb. 4, 2011); *North v. Precision Airmotive Corp.*, 600 F.Supp.2d 1263, 1266–68 (M.D. Fla. 2009); *Stewart v. Auguillard Const. Co., Inc.*,

No. 09-6455, 2009 WL 5175217, at *1–2 (E.D. La. Dec. 18, 2009); *Massey v. Cassens & Sons, Inc.*, No. 05-CV-598-DRH, 2006 WL 381943, at *1 (S.D. Ill. Feb. 16, 2006); *see also FTS Int'l Servs., LLC v. Caldwell-Baker Co.*, No. 13-2039-JWL, 2013 WL 1305330, at *2 (D. Kan. Mar. 27, 2013) ("[D]efendant cites to a litany of cases purporting to support defendant's position that pre-service removal by a forum defendant is entirely appropriate but, in truth, the vast majority of the cases cited by defendant address removal by a non-forum defendant[.]") .[4] And it was their non-forum status that supported the courts' exercise of jurisdiction. *See, e.g.*, *Breitweiser*, 2015 WL 6322625, at *2 ("[A]llowing a *nonforum defendant's* snap removal reaches neither an absurd nor unreasonable result.") (emphasis added). That rationale does not extend to cases, like this one, where a *forum* defendant is the removing party. *See id.* ("[A]llowing a forum defendant to use the language of the forum-defendant rule to circumvent [it] yields an undeniably absurd result."). The only conflicting case cited by defendants—*Ott v. Consol. Freightways Corp. of Del.*, 213 F.Supp.2d 662, 663 (S.D. Miss. 2002)—is unpersuasive. For one thing, even the *Ott* court noted it was "odd and unnecessary" for a forum defendant to join in a nonforum defendant's removal. *See id.* at 666. For another, this court simply does not believe that Congress intended to trade one form of procedural gamesmanship—fraudulent joinder—for another—snap removal. *See Lone Mountain Ranch*, 988 F.Supp.2d at 1266.

Finally, defendants argue that McRight waived any objection to removal by moving to dismiss defendant James C. McGill's counterclaim. "[T]he forum-defendant rule is not jurisdictional and may therefore be waived." *See Brazell v. Waite*, 525 Fed. App'x 878, 884 (10th Cir. 2013). Ordinarily, waiver occurs where a plaintiff fails to object to removal within the time period prescribed by 28 U.S.C. § 1447(c). *See Patel v. Smith*, No. 11-6650, 2012 WL

---

[4] Defendants' reliance on *McCall v. Scott*, 239 F.3d 808, 812, n. 2 (6th Cir. 2001), is misplaced. There, a non-forum defendant objecting to removal waived its objection via stipulation. *See id.*

3020353, at *3 (E.D. Pa. July 23, 2012). But other conduct may also establish waiver. In such cases, courts generally consider "the extent of a plaintiff's conduct in the federal proceedings," *see Reecher v. Capitol Indem. Corp.*, No. 14-CV-149-JED-FHM, 2015 WL 3693886, at *2 (N.D. Okla. June 12, 2015) (quotation marks and citation omitted), including (1) the time spent in federal court; (2) the use of federal processes; (3) petitions for and receipt of affirmative relief; and (4) other actions which would make remand inequitable under the circumstances, *Patel*, 2012 WL 3020353, at *4. At bottom, the question is whether a plaintiff's conduct is "'of a sort which would render it offensive to fundamental principles of fairness to remand.'" *See Barahona v. Orkin*, No. CV 08-04634-RGK (SHx), 2008 WL 4724054, at *3 (C.D. Cal. Oct. 21, 2008) (quoting *Owens v. Gen. Dynamics Corp.*, 686 F.Supp. 827, 830 (S.D. Cal. 1988)). The court "has broad discretion in deciding whether" waiver has occurred. *Reecher*, 2015 WL 3693886, at *2.

    McRight did not waive her objection here. Defendants do not dispute that McRight's motion to remand was timely and based, in part, on defendants' violation of the forum defendant rule. *See Patel*, 2012 WL 3020353, at *4. The case has not "advanced past the pleading stage" to discovery, *see id.*, and McRight has not lost a dispositive motion, *see Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996). Admittedly, McRight "did seek affirmative relief in federal court" by seeking to dismiss counterclaim of defendant James C. McGill. *See Patel*, 2012 WL 3020353, at *4. But that reflects the procedural chronology of the case, not a conscious decision by McRight to submit to federal jurisdiction. Because the counterclaim was filed in state court prior to removal [Doc. No. 2, p. 42], McRight was required to respond within the time limits prescribed in Fed. R. Civ. P. 81(c). Whatever the import of that filing, McRight

7

timely moved for remand within two days of seeking dismissal James C. McGill's counterclaim. Thus, the court concludes McRight did not waive her right to object to removal.

WHEREFORE, McRight's Motion to Remand [Doc. No. 8] is granted.

IT IS SO ORDERED, this 6th day of January, 2017.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT